J. McGREGOR ADAMS V. R. M. RUGGLES, *as Assignee, &c.*

PARTNERSHIP NOTE; *Presumption.* Where a promissory note is executed by a member of a partnership firm, in the name of the firm, and with the firm signature, and there is nothing to show that the note was not executed by the firm, except a want of knowledge on the part of a book-keeper of the firm of the due execution of the note and of the consideration therefor, and nothing to show under what circumstances or upon what consideration the holder of the note received it, it will be presumed that the note was duly executed by the firm.

### *Error from Marion District Court.*

THIS action arose on a claim presented by *Adams* to defendant in error, for allowance by him as the assignee of the estate of Davenport Bros., an insolvent partnership. The claim was in the form of a promissory note for the sum of $500, and was disallowed by the assignee, and claimant appealed to the district court of Marion county. Trial at the November Term 1874. Judgment was given to the defendant. *Adams* brings the case to this court by proceedings in error.

*Frank Doster,* for plaintiff.

*R. M. Ruggles,* defendant, for himself.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a promissory note. It seems that in 1871 the Davenport Brothers commenced business in Peabody, Kansas. Whether they ever did business anywhere else, is not shown. In May 1873, W. H. Prescott was employed by them as a bookkeeper, and he continued in their employ until February 28th 1873. On August 27th 1872, F. C. Davenport, a member of the firm of "Davenport Brothers," executed and indorsed the following promissory note, to-wit:

"$500.00.                    CHICAGO, AUGUST 27, 1872.

"On or before ninety days after date, we promise to pay to the order of Mr. F. C. Davenport, five hundred dollars, value received, with interest at ten per cent.

                    "DAVENPORT BROTHERS."

Which note was indorsed on the back, "F. C. DAVENPORT."

Said W. H. Prescott was a witness on the trial of the case, and stated among other things that he was "acquainted with the signature of Davenport Brothers, and with that of F. C. Davenport;" and that "the signature of the maker is that of Davenport Brothers, written by F. C. Davenport, and that of the indorser that of F. C. Davenport," and that "F. C. Davenport was a member of the firm of Davenport Brothers at the time of the making and indorsing of the same." But it also appears from Prescott's evidence, that he knows nothing about the execution of the note, or the consideration therefor, and the books kept by him at Peabody do not show anything concerning the note, or the consideration therefor. Prescott does not know of any indebtedness from the Davenport Brothers to the plaintiff, or of any dealings having taken place between them prior to the execution of said note, and said books do not show any such indebtedness, or such dealings; and he does not know of the firm being indebted to any person in Chicago; and he thinks he ought to know all about these matters, if in fact they took place. How long the Davenport Brothers continued to do business in Peabody, or when they made their assignment to defendant Ruggles, is not shown. Now, does all this *want of knowledge* on the part of Prescott prove that said note was not executed by the Davenport Brothers, or was not authorized by them, or was not executed in and about their business? It must prove all of these things in order to release the defendant. Presumptively, as it was executed in the name of the firm, by one of the firm, and the firm signature attached thereto, it is the note of the firm; and Prescott's want of knowledge we think is hardly sufficient to overcome that presumption. The note may have been given for an old debt, or to raise money to pay an old debt, or for a new debt contracted in purchasing goods for the firm to take to Peabody, or somewhere else, or to raise money to pay such new debt; and as this was all done at Chicago, and Prescott was at Peabody, he may have been entirely ignorant of the whole transaction. He could know but little concerning the transactions of the firm at other

St. L., L. & D. Rld. Co. v. Wilder.

places than Peabody, except as the members of the firm told him. And as they possibly in advance contemplated making the assignment which they afterward did make, they may have chosen not to tell Prescott anything about their business, or to let their books show the same. There was no evidence tending to show when, or where, or from whom, or by whom, the Davenport Brothers purchased their goods. And from anything appearing in the record, this note may have been given on a *bona fide* purchase of goods by and for the firm, and we presume it was.

The judgment of the court below will be reversed, and cause remanded for a new trial.

All the Justices concurring.